GUSTAVUS A. WAEBER and Another, Appellants, *v.* GABRIEL TALBOT and Others, Respondents.

*Attachment — amount of an undertaking given on its discharge — waiver of an objection thereto.*

If an undertaking given to discharge a warrant of attachment is conceded to be of the amount of the principal and interest demanded in the complaint in the action, together with the costs and expenses, it is sufficient; and, although it is in the power of the court to increase the amount, it is not bound to do so, in the absence of any facts showing that the plaintiff would be prejudiced unless such increase was made.

If the plaintiff in an action, upon his motion to vacate an undertaking given by the defendant to discharge a warrant of attachment granted therein, stated

that he would not object to the undertaking upon the ground of its amount, the order denying such motion will not be reversed upon appeal by reason of an error in the amount of the undertaking.

APPEAL by the plaintiffs, Gustavus A. Waeber and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of October, 1894, denying the plaintiffs' motion to set aside the defendants' undertaking given to discharge a warrant of attachment filed in said clerk's office on the 28th day of September, 1894.

*F. De L. Smith*, for the appellants.

*Robert C. Tayler*, for the respondents.

O'BRIEN, J.:

An undertaking, given to discharge a warrant of attachment, was sought to be set aside upon the ground that the sum stated in the undertaking was not sufficient to protect the interests of the plaintiffs, under the provisions of section 688 of the Code of Civil Procedure. This section provides that the undertaking shall be in effect " that he will, on demand, pay to the plaintiff the amount of any judgment which may be recovered in the action against him, not exceeding a sum specified in the undertaking, with interest. The sum so specified must be at least equal to the amount of plaintiff's demand."

The complaint and affidavits on attachment are not a part of the printed papers on appeal, and there is force, therefore, in the suggestion that the appeal should be dismissed because there is not sufficient before the court to determine whether or not the undertaking as filed conforms to the statute. The only paper upon which the plaintiffs moved below was an affidavit stating that the undertaking " is limited by the amount $2,032, which is the sum demanded in the complaint exclusive of interest and costs of this action." Upon the motion below the defendants called attention to the fact that through inadvertence the undertaking was less than the amount demanded by fifty cents principal and a few days' interest. Although this is urged upon the appeal, it was not upon the motion below, and there being no contradiction of the statement that plain-

tiffs said that they would not object to the undertaking upon the ground of such error, they are not in a position to take that objection here.

Upon the merits, the undertaking being given for what was conceded by the parties to be the principal and interest together with the costs and expenses, it was sufficient; and though it was in the power of the court, as stated in the opinion below, to increase the amount, the court was not bound to do so, in the absence of any fact showing that the plaintiffs would be prejudiced by such refusal. All that they are entitled to get is the amount of their demand, with interest and costs and expenses, and these are secured by the undertaking given.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and PARKER, J., concurred.

Order affirmed, with ten dollars costs and disbursements.